Williams, J.
The claim of the plaintiff in error is, that at the hearing in the court of common pleas, before the jury impaneled to assess the damages upon the claims filed with the city clerk, by the owners of property abutting on the proposed improvement, the evidence proved, and the jury found, that on the 22d day of May, 1884, the defendant in error was served with notice of the passage,' by the city council, of the resolution declaring the necessity for the improvement, and his claim for damages was not filed with the city clerk until the 5th day of March, 1885 ; and, as it thus appeared, that more than two weeks intervened between those dates, his right to the damages awarded him by the verdict of the jury, for the injury that would be occasioned to his abutting property, by reason of the improvement, was waived and forfeited.
This claim is based upon the provisions of sections 2304 and 2315 of the Revised Statutes, which are as follows :
Section 2304. “ When it is deemed necessary by a city or village to make a public improvement, the council shall declare, by resolution, the necessity of such improvement, and shall give twenty days written notice of its passage to the owners of the property abutting upon the improvement, or to the persons in whose names it may be assessed for taxation upon the tax duplicate, who may be residents of the county, and publish the resolution not less than two nor more than four consecutive weeks, in some newspaper published and of general circulation in the corporation; provided, that in case of sewers, the twenty days’ written notice to the owners of abutting property, or to the persons in whose names the abutting property is assessed, shall not be required; and, provided, that when there is no newspaper published in such *222 village, written notice shall be posted in twelve public places in the village; and all plans and profiles relating to the improvement shall be recorded and kept on file in the office of the city civil engineer or clerk, and open to the inspection of all parties interested; and council may appoint a person to serve the notice provided for by this section, who shall make a return of the time and manner of such service, and verify the same by affidavit which shall be filed with the clerk of the corporation, and the same, or a certified copy thereof,shall be prima facie evidence of the service of the notice as therein stated; provided, that in cities of the first grade of the first class, the power to serve and publish such notice shall be vested in the board of city commissioners, provided for in the second chapter of this division.”
Section 2315. “ An owner of a lot, or of land, bounding or abutting upon a proposed improvement, claiming that he will sustain damages by reason of the improvement, shall, within two weeks after the service or the completion of the publication of the notice mentioned in section 2304, file a claim in writing, with the clerk of the corporation, setting forth the amount of the damages claimed, together with a general description of the property with respect to which it is claimed the injury will accrue; an owner who fails to do so shall be deemed to have waived the same, and shall be barred from filing a claim or receiving damages ; and this .provision shall apply to all damages which will obviously result from the improvement, but shall not deprive the owner of his right to recover other damages arising, without his fault, from the acts of the corporation, or its agent; provided, that if subsequent to the filing of such claim, the owner sells the property, or any part thereof, the assignee shall have the same right to damages which the owner would have had without the transfer.”
The rule by which these sections are to be construed, is found in section 2327, which provides, “ Proceedings with respect to improvements shall be liberally construed by the councils and courts, to secure a speedy completion of the work, at reasonable cost, and the speedy collection of the *223 assessment after the time has elapsed for its payment, and merely formal objections shall be disregarded; but the proceedings shall be strictly construed in favor of the owner of the property assessed or injured, as to the limitations on assessment of private property, and compensation for damages sustained.”
The last clause of this section, plainly requires, that a strict construction be placed upon the proceedings by which it is sought to deprive the owner of his right to damages for property taken for, or injured by, the improvement; and, therefore, in order to create a forfeiture of his claim for damages, it must appear that the conditions upon which such forfeiture depends, have been strictly performed. The duty enjoined by section 2315, upon the owner of property abutting upon the improvement, who claims that he will sustain damages by reason of the improvement, is, that he shall file with the clerk of the corporation, his claim for damages, within two weeks after the service or completion of the publication of the notice mentioned in section 2304; and it is only when he fails, for the period specified, after such notice-has been given, to so file his claim, that he shall be deemed to have waived the same, and be barred from receiving damages. Hence, to establish the bar, and create the forfeiture, the requirements of section 2304, with regard to the notice, must be strictly complied with.
That section requires, as we have already seen, that when it is deemed necessary by a city or village to make a public improvement, the council shall declare, by resolution, the necessity of such improvement, and shall give twenty days ivritten notice of its passage, to the owners of property abutting upon the improvement, who may be residents of the county, and publish the resolution, not less than two, n'or more than four consecutive weeks in some newspaper published, and of general circulation in the corporation; and by the last clause of the section it is provided, that in cities of the first grade of the first class, the power to serve and publish such notice shall be vested in the board of city commissioners. At the time these proceedings were had, section 2231, as amended *224 March 8,1880, (77 Ohio L. 35), was in force, which conferred upon the board of public works, the powers and duties pertaining to the board of city commissioners.
In order to make the failure of an abutting property owner to file his claim, a bar to his right to the damages done his property by the improvement, it is essential that the notice given him of the passage of the resolution declaring the necessity of the improvement, be a written notice, and- served, or at least authorized by the proper authority. The record does not show that either of these requisites were complied with, in the case before us. The most that was established by the evidence and special verdict, is, that Sherike was “ served with notice,” which falls short of showing a strict compliance with the requirements of section 2304.
We are of opinion, therefore, that, if it was competent for the city, on the trial before the jury, to contest the claim of the defendant in error, upon the ground that it was barred, by reason of his failure to comply with the statute, the facts necessary to establish the bar, are not shown by the evidence, or special verdict.
We are also of opinion, that when, in a proceeding to assess damages, under section 2318 of the Revised Statutes, the municipal corporation makes the owner of property abutting upon the improvement, a party to the application for the jury, and submits the assessment of his damages to the jury, it cannot, after a verdict is returned in his favor, defeat his recovery, on the ground that his claim is barred by reason of his omission to file his claim with the clerk of the corporation within the time prescribed by section 2315. The benefits of that section, like the bar of the statute of limitations, may be waived, by failure to insist upon it at the proper time, or in the proper mode.
If the city of Cincinnati desired to controvert the right of the defendant in error to have any damages assessed him, because he did not file his claim within the proper time, it should have done so, by declining to file the claim out of time, or excluding it from the application for the jury, or dismissing it before submission to the jury. It chose, how *225 ever, to file the claim, include it in the application, and submit the amount of damages to the determination of the jury; and the judgment of the circuit court for the damages assessed by the verdict was not erroneous.

Judgment affirmed.